UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL E. HILL,<br><br>    Petitioner,<br><br>    v.<br><br>CONNIE GIBSON,<br><br>    Respondent. | No. 2:12-cv-0595-EFB P<br><br><br>ORDER |

Petitioner Hill is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He challenges his 2008 conviction on charges of second degree robbery, false imprisonment by violence, and kidnapping for the purpose of robbery. Among other things, petitioner claimed that the evidence was insufficient to support his conviction for kidnapping to commit robbery. Judgment was entered denying his petition on December 19, 2014. He filed a Notice of Appeal on January 23, 2015, and by order dated March 13, 2015, the United States Court of Appeals for the Ninth Circuit denied petitioner's request for a certificate of appealability on the grounds that "the notice of appeal was not timely filed." ECF No. 25.

/////

---

[1] The parties have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

1

On November 19, 2015, petitioner filed a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b)(4). That motion is now before the court.

**I. Petitioner's Rule 60(b) Motion**

Petitioner argues that the judgment denying his habeas petition is "void" and should therefore be set aside pursuant to Fed. R. Civ. P. 60(b)(4). He contends that "deciding his [habeas] petition without holding an evidentiary hearing denied him due process, and led the court to reach the wrong result." ECF No. 26 at 2. He argues that respondent's failure to "correctly address" his claim that the evidence was insufficient to support his conviction on the charge of kidnapping for purposes of robbery improperly persuaded this court not to hold an evidentiary hearing on that claim. *Id.* at 14. Petitioner also re-asserts his arguments in support of his claim of insufficient evidence. *Id.* at 10-20. He argues that this court should conduct de novo review of that claim because the state courts failed to issue a "reasoned decision." *Id.* at 7.

Rule 60(b) provides for relief from a judgment or order on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). This rule, like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules. *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (footnote omitted) (citing 28 U.S.C. § 2254 Rule 11 & Fed. R. Civ. P. 81(a)(2)). A party may seek relief from judgment under this rule only in limited circumstances. *Id.* Motions seeking such relief are addressed to the sound discretion of the district court. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

Under Rule 60(b)(4) of the Federal Rules of Civil Procedure, the Court "may relieve a party . . . from a final judgment, order, or proceeding" if the Court finds that the "judgment is

1   void." Fed. R. Civ. P. 60(b)(4).  A judgment is void only if the court that rendered it lacked
2   subject matter jurisdiction or lacked jurisdiction over the parties, or if the court acted in a manner
3   inconsistent with due process that deprives a party of notice or the opportunity to be heard.
4   *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).  *See also Tomlin v.*
5   *McDaniel*, 865 F.2d 209, 210 (9th Cir. 1988) (*overruled on other grounds* as stated in *Phelps v.*
6   *Alameida*, 569 F.3d 1120, 1132 (9th Cir. 2009)) (same).  A judgment is not void under Rule
7   60(b)(4) because of an error of law.  *United Student Aid Funds, Inc.*, 559 U.S. at 270; *Tomlin*, 865
8   F.2d at 210; *United States v. Holtzman*, 762 F.2d 720, 724 (9th Cir. 1985) ("A judgment is not
9   void merely because it is erroneous.") (citation omitted).

10        A self-styled Rule 60(b) motion that includes new claims or seeks to present new evidence
11   in support of existing claims should be construed as a successive habeas petition and not as a Rule
12   60(b) motion.  *Gonzalez*, 545 U.S. at 530-31.  A purported Rule 60(b) motion "can also be said to
13   bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since
14   alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable
15   from alleging that the movant is, under the substantive provisions of the statutes, entitled to
16   habeas relief." *Id.* at 532.  Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely
17   appeal.  *United Student Aid Funds, Inc.*, 559 U.S. at 270.

18        Respondent argues that petitioner's Rule 60(b) motion is untimely because it was not filed
19   within a reasonable time after the entry of judgment.  ECF No. 29 at 5-7.  Respondent also argues
20   that the motion is an improper second or successive habeas petition because it argues the merits
21   of petitioner's previously denied claim of insufficient evidence.  *Id.* at 7-8.  Finally, respondent
22   contends that petitioner is not entitled to an evidentiary hearing on his claims and that the
23   judgment may not be vacated under Rule 60(b)(4).  *Id.* at 8-10.

24        Assuming *arguendo* that petitioner's Rule 60(b) motion is timely and does not constitute a
25   successive petition, petitioner's motion to vacate judgment fails on the merits.  Petitioner appears
26   to raise two due process arguments in support of his claim that the judgment is "void."  First, he
27   alleges that this court violated his right to due process in failing to hold an evidentiary hearing on
28   his claims, and particularly his claim of insufficient evidence.  However, petitioner was not

entitled to an evidentiary hearing on his claims. In *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011), the United States Supreme Court held that federal review of habeas corpus claims under § 2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." Accordingly, an evidentiary hearing in federal court on a claim that was adjudicated on the merits in state court is appropriate only if a petitioner can overcome the limitation of § 2254(d) on the record that was before that state court. 131 S. Ct. at 1400.

The California Supreme Court's denial of petitioner's habeas petition without comment or citation constitutes a decision on the merits of his claims. *See Stancle v. Clay*, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012) (a summary denial is presumed to be a denial on the merits of the petitioner's claims); *Hunter v. Aispuro*, 982 F.2d 344, 346-7 (9th Cir. 1992) (same). As explained in this court's order denying petitioner's habeas petition, petitioner failed to overcome the limitation of § 2254(d) with respect to his claims, including his claim of insufficient evidence. Accordingly, he was not entitled to an evidentiary hearing. Even if he were, this court determined that petitioner's claims could be resolved on the record before the court and that an evidentiary hearing was not necessary. Under these circumstances, the court's failure to hold an evidentiary hearing did not violate petitioner's right to due process.

Petitioner also complains that the state courts did not issue a reasoned decision on his habeas claims. It is true that all of petitioner's state habeas petitions were summarily denied or were denied on procedural grounds. However, there is no federal constitutional prohibition preventing state courts from disposing of claims in a summary fashion or on procedural grounds and there is no federal requirement that state courts consider claims with a full discussion of the merits. When faced with a state court summary denial of a habeas petition, a federal habeas court provides independent review of the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley v. Cullen*, 633 F.3d 852, 860 (9th Cir. 2011). This court conducted an independent review and issued a reasoned and thorough decision on all of petitioner's federal habeas claims, including his claim that the evidence was insufficient to support his conviction on the kidnapping charge. The fact that the state courts summarily denied petitioner's habeas claims, or denied them on procedural grounds, does not render the judgment of this court "void."

Petitioner has failed to show a due process violation resulting from the failure of this court or any court to explain its underlying reasoning.

For the foregoing reasons, petitioner has failed to show that this court lacked subject matter jurisdiction or lacked jurisdiction over the parties, or that it acted in a manner inconsistent with due process that deprived petitioner of notice or the opportunity to be heard. *United Student Aid Funds, Inc.*, 559 U.S. at 270. Therefore, the judgment of the court may not be vacated pursuant to Fed. R. Civ. P. 60(b)(4).

## II. Conclusion

Accordingly, IT IS ORDERED that petitioner's motion to vacate judgment (ECF No. 26) is denied.

DATED: June 16, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE